IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELINE THREADCRAFT, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ASPIRE BEHAVIORAL HEALTH & DEVELOPMENTAL DISABILITY SERVICES A/K/A ALBANY AREA COMMUNITY SERVICE BOARD AND A/K/A ASPIRE BHDD SERVICES, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Angeline Threadcraft (hereinafter "Plaintiff" or "Ms. Threadcraft"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

4.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

5.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant.

6.

During all times relevant hereto, Defendant Aspire Behavioral Health & Development Disability Services a/k/a Albany Area Community Service Board a/k/a Aspire BHDD Services ("Defendant") has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment.

7.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

8.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant may be served by delivering a copy of the summons and complaint at its principal place of business, 1120 W. Broad Avenue, Albany, GA 31702.

12.

Defendant is now and, at all times relevant hereto, has been a for-profit corporation.

## **FACTUAL ALLEGATIONS**

13.

Ms. Threadcraft began working for Defendant in September 4, 2018, as a Home Health Service Tech.

14.

Ms. Threadcraft contracted Covid in December of 2020.

15.

Defendant was aware of Ms. Threadcraft's underlying conditions due to her contracting Covid.

16.

On or about December 29, 2020, Plaintiff texted Elsa Harrison to let her know she was still having residual effects from contracting Covid such as vertigo, dizziness and breathing problems.

17.

Elsa Harrison followed up with the Plaintiff on January 4, 2021 on how the Plaintiff was feeling and if Plaintiff was getting another test.

18.

Plaintiff advised Ms. Harrison that she tested negative but was having complications.

19.

During Plaintiff's call with Ms. Harrison, she requested FMLA. Ms. Harrison advised the Plaintiff to contact her supervisor, Melanie Price.

20.

Plaintiff contacted Melanie Price and Melanie advised her to contact HR.

21.

Plaintiff contacted HR and spoke with Barbara Hicks and requested FMLA.

22.

Barbara Hicks told the Plaintiff that she could not authorize FMLA and she would need to talk with Sandra Meyers.

23.

In response, Plaintiff took PTO due to her continued symptoms after contracting Covid and due to Defendant refusing FMLA leave.

24.

After visiting her doctor on January 9, 2021, Plaintiff again requested FMLA leave from Defendant., but again was refused.

25.

On or about February 3, 2021, Sandra Myers from HR called Plaintiff and advised her that she was not going to keep her job open.

26.

On or about February 12, 2021 Plaintiff was terminated.

27.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

28.

Defendant terminated Plaintiff's employment during a time in which Plaintiff had been eligible and requested FMLA leave.

## **COUNT I – FMLA INTERFERENCE WITH EXERCISE OF FMLA RIGHTS**

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Defendant is an 'employer' as defined by the FMLA.

31.

Plaintiff was an eligible employee under the FMLA.

32.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

33.

Plaintiff was employed by Defendant for more than 12 months.

34.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

35.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

36.

Plaintiff had a serious medical condition as defined by the FMLA.

37.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

38.

Despite Plaintiff being eligible for FMLA leave, Defendant refused to grant Plaintiff leave under the FMLA.

39.

The effect of Defendant's actions has bene to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of her right to leave under the FMLA.

40.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

41.

Plaintiff is also entitled to liquidated damages for Defendant's violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions to prevent Plaintiff from taking his awarded leave were willful violations of the FMLA.

**COUNT II – RETALIATION FOR EXERCISE OF FMLA RIGHTS**

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendant is an 'employer' as defined by the FMLA.

44.

Plaintiff was an eligible employee under the FMLA.

45.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

46.

Plaintiff was employed by Defendant for more than 12 months.

47.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

48.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

49.

Plaintiff had a serious medical condition as defined by the FMLA.

50.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

51.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

52.

Defendant's actions in retaliation against Plaintiff for refusing her FMLA were committed with reckless disregard for Plaintiff's right to be free discriminatory treatment under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

53.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her under the FMLA.

54.

As a result, Ms. Threadcraft is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

55.

Ms. Threadcraft is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff judgment as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b) General damages for mental and emotional suffering caused by Defendant's misconduct;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(e) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law; and

(h) All other relief to which he may be entitled.

Respectfully submitted the 18th day of March, 2022.

**THE LEACH FIRM, P.A.**

/s/*Adeash Lakraj*_____
Adeash A.J. Lakraj
GA Bar No. 444848
631 S. Orlando Ave, Suite 300
Wells Fargo Building
Winter Park, FL 32789

Telephone: 770.728.8478
Facsimile: 833.423.5864
Email: alakraj@theleachfirm.com